UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

LEONARDO A. BLANCO,

Defendant.

11CR97-3 (DLC)

ORDER

DENISE COTE, District Judge:

On January 26, 2024, defendant Blanco moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 821 to the Sentencing Guidelines.  Counsel will be appointed to represent the defendant and the Government will be given an opportunity to respond to this motion.

**Background**

On December 27, 2011, Blanco pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 and pursuant to a plea agreement with the Government.  The parties stipulated in that agreement that the defendant's Sentencing Guidelines range was 168 to 210 months' imprisonment, based on an offense level of 35 and a criminal history category of I.

Blanco was a member of an organization that used tractor trailer trucks to carry dozens of kilograms of cocaine into New York City from 2006 to 2009.  Blanco stored cocaine and

narcotics proceeds and distributed kilograms of cocaine to customers.  The defendant was originally arrested in May of 2011 for the crime charged in the indictment and released on bail. Then, in October of 2011 he was arrested again in connection with the seizure of 40 kilograms of cocaine stored in bedroom furniture among other things and the seizure of roughly $1.7 million in narcotics proceeds.  At that point he was remanded.

The Presentence Report determined that Blanco had zero criminal history points.  It also arrived at a Sentencing Guidelines range of 168 to 210 months' imprisonment based on an offense level of 33 and criminal history category of I.  The Probation Department recommended a sentence of 168 months' imprisonment and noted that a mandatory minimum term of imprisonment of 10 years applies as well to the defendant's count of conviction.

By the time of the sentence, the defendant was eligible for a safety valve adjustment and his offense level was reduced to 31, with a Guidelines range of 135 to 168 months' imprisonment. The defendant sought a sentence substantially below the Guidelines range, and the Government requested a sentence within the Guidelines range.  On May 7, 2012, the defendant was sentenced principally to a term of 168 months' imprisonment, followed by a period of supervised release of five years.

On January 26, 2024, the defendant filed a motion requesting a sentence reduction pursuant to Amendment 821 to the Sentencing Guidelines.  The amendment went into effect on November 1, 2023 and applies retroactively.  On February 28, 2024, the United States Probation Department issued a report indicating that the defendant is eligible for a sentence reduction.  Blanco is scheduled to be released from custody on November 2, 2029.

## Discussion

A judgment of conviction is ordinarily final.  Pursuant to 18 U.S.C. § 3582(c)(2), however, a federal court may reduce a defendant's sentence if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission when that modification is made retroactive.  United States v. Martin, 974 F.3d 124, 136, 139 (2d Cir. 2020).

When presented with a motion to reduce a sentence pursuant to § 3582(c)(2), the district court must first "determine the amended guideline range that would have been applicable to the defendant if [the amendment] had been in effect at the time the defendant was sentenced."  United States v. Zapatero, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.10(b)(1)); see also Dillion v. United States, 560 U.S. 817, 827 (2010).  If the

3

defendant is eligible for a sentence reduction, "a court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) and if such reduction is consistent with applicable policy statements issued by the Sentencing Commission," which are contained in U.S.S.C. § 1B1.10.  Martin, 974 F.3d at 136 (citation omitted).  Courts may not reduce a term of imprisonment under § 3582(c)(2) "to a term that is less than the minimum term of imprisonment specified by a subsequently lowered Guidelines range," with an exception for defendants who provide substantial assistance to the Government. United States v. Young, 998 F.3d 43, 46 n.1 (2d Cir. 2021).  A reduction in sentence pursuant to § 3582(c)(2) is not a plenary sentencing proceeding.  Dillon, 560 U.S. at 827.

Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively.  See U.S.S.G. § 1B1.10(d).  Among other changes, Amendment 821 modified the calculation of offense levels of those defendants who received zero points in the calculation of the criminal history score under U.S.S.C. § 4C1.1.  It provided a decrease of two levels in the offense level of defendants who did not receive any criminal history points and whose instant offense did not involve specified aggravating factors.  Amendment 821 was informed by studies of recidivism which showed that offenders with zero

criminal history points "have considerably lower recidivism rates" than other offenders, including those with one criminal history point.  The Sentencing Commission determined that the "departure and variance rates for zero-point offenders, coupled with its recidivism data" warranted the amendment.  U.S.S.G. App. C, Amendment 821, Reason for Amendment.

The applicable policy statement in the Sentencing Guidelines states that a defendant is eligible for a sentence reduction based on a subsequently lowered sentencing range so long as the amendment is retroactive, see U.S.S.G. § 1B1.10(a)(2)(A), and actually lowers the defendant's Guidelines range.  Id. § 1B1.10(a)(2)(B).  It requires a court to consider the factors set forth in 18 U.S.C. § 3553(a) as well as the "nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" in determining whether to reduce the sentence and the extent of the reduction.  Id. § 1B1.10, Application Note 1(B)(i)-(ii).  A court may also consider a defendant's post-sentencing conduct.  Id. § 1B1.10, Application Note 1(B)(iii).

Blanco appears to be eligible for a reduction in his sentence pursuant to Amendment 821.  His original total offense level was 33, and his new total offense level after the

reduction provided by § 4C1.1 is 31. His new Guidelines range is calculated at 108 to 135 months' imprisonment. The application of the safety valve provision permits a sentence below the ten-year mandatory minimum term of imprisonment.

## Conclusion

Blanco having filed a January 26, 2024 motion for a sentence reduction pursuant to 18 U.S.C. § 3582 (c) and U.S.S.G. § 1B1.10, it is hereby

ORDERED that counsel is appointed to represent Blanco.

IT IS FURTHER ORDERED that counsel for the defendant and the Government shall consult and provide a status report to the Court no later than September 14, 2024.

Dated:          New York, New York
                July 16, 2024

                            _____
                            Denise Cote
                            United States District Judge

6